UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Maurilio Tendilla,

                Plaintiff,

      –v–

1465 Espresso Bar LLC, *et al.*,

                Defendants.

18-cv-5991 (AJN)

OPINION & ORDER

ALISON J. NATHAN, District Judge:

    In 2018, Plaintiff filed a complaint, which he subsequently amended, alleging violations of the Fair Labor Standards Act (FLSA) and the New York Labor Law (NYLL). *See* Dkt. Nos. 1, 32. Following a mediation, the parties informed the Court that they had reached a settlement. *See* Dkt. No. 33. And in August 2019, the parties submitted a proposed settlement agreement for the Court's approval and a letter explaining their views on the fairness of the settlement. *See* Dkt. No. 37. The agreement provides for a total settlement amount of $32,500.00, including attorney's fees and costs. Plaintiff's counsel seeks fees and expenses in the amount of $11,232.27. For the following reasons, the Court approves the settlement agreement.

    **I.    LEGAL STANDARD**

    In order to serve the FLSA's purpose of ensuring "a fair day's pay for a fair day's work," settlements in FLSA cases must be approved by a court or by the Department of Labor. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015) (quoting *A.H. Phillips, Inc. v. Walling*, 324 U.S. 490, 493 (1945)). A plaintiff's FLSA claims therefore cannot be dismissed with prejudice until the Court determines that the settlement is "fair and reasonable." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). A "fair and reasonable" settlement

1

is one that "reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Mamani v. Licetti*, No. 13-cv-7002 (KMW), 2014 WL 2971050, at *1 (S.D.N.Y. July 2, 2014) (internal quotation marks and citation omitted).

In determining whether the proposed settlement is fair and reasonable, courts "consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *Wolinsky*, 900 F. Supp. 2d at 335 (internal quotation marks omitted).

## II.     DISCUSSION

The Court finds that the total settlement amount is reasonable.  To start, the total settlement amount is presumptively reasonable.  *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013).  According to his allegations, Plaintiff is owed $50,000 in unpaid overtime compensation and spread of hours wages, an equal amount in liquidated damages, and $10,000 in statutory damages for Defendants' alleged failure to provide wage notices and weekly wage statements.  Dkt. No. 37 at 4.  However, Defendants argue that Plaintiff only began working for Defendants years after he alleges his employment commenced.  *See* Dkt. No. 37 at 2.  Furthermore, Defendants argue that the FLSA does not apply to Plaintiff because he worked as a manager and thus was exempt from receiving overtime.  *See id.* at 3.  The parties agree that it is a "close" question whether Plaintiff was exempt from the FLSA, and Defendants' allegations, if proven, would eliminate years of Plaintiff's claims, if not extinguish his claims

entirely. *See id.* at 2–4. In light of the genuine dispute among the parties regarding the viability and extent of Plaintiff's claims, a settlement of $32,500, including fees, is reasonable. *See Kopera v. Home Depot U.S.A., Inc.*, No. 09-cv-8337 (WHP), 2011 WL 13272403, at *1 (S.D.N.Y. June 24, 2011) ("A district court may approve a FLSA settlement between private litigants when the settlement is reached as a result of contested litigation to resolve bona fide disputes." (internal quotation marks omitted)); *McMahon v. Olivier Cheng Catering and Events, LLC*, No. 08-cv-8713 (PGG), 2010 WL 2399328, at *6 (S.D.N.Y. Mar. 3, 2010) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved." (internal quotation marks omitted)). Indeed, courts in this District regularly recognize settlement recoveries in this range as reasonable. *See, e.g., Beckert v. Ronirubinov*, No. 15-cv-1951 (PAE), 2015 WL 8773460, at *2 (S.D.N.Y. Dec. 14, 2015) (approving a settlement of approximate 25% of maximum recovery).

The Court also approves the proposed award of attorney's fees and costs. The amount requested in attorney's fees represents one-third of the total settlement amount, and courts in this District routinely award one third of a settlement fund as a reasonable fee in FLSA cases. *See Zhang v. Lin Kumo Japanese Rest., Inc.*, No. 13-cv-6667 (PAE), 2015 WL 5122530, at *4 (S.D.N.Y. Aug. 31, 2015) (collecting cases). Nonetheless, even when the proposed fees do not exceed one third of the total settlement amount, courts typically use the lodestar method as a cross check to ensure the reasonableness of attorney's fees. *See Goldberger v. Integrated Resources, Inc.*, 209 F.3d 43, 50 (2d Cir. 2000) (encouraging the practice of using the lodestar method as a "'cross check' on the reasonableness of the requested percentage"). The lodestar amount is the presumptively reasonable fee—"the product of a reasonable hourly rate and the reasonable number of hours required by the case." *Gaia House Mezz LLC v. State Street Bank &*

3

*Trust Co.*, No. 11-cv-3186 (TPG), 2014 WL 3955178, at *1 (S.D.N.Y. Aug. 13, 2014) (quoting *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011)).  Here, the total lodestar is $22,450, an amount greater than the one-third contingency fee charged by Plaintiff's counsel.  The Court therefore approves the fee award.  *See, e.g.*, *Gervacio v. ARJ Laundry Servs. Inc.*, No. 17-cv-9632 (AJN), 2019 WL 330631, at *3 (S.D.N.Y. Jan. 25, 2019) ("The true lodestar amount is therefore greater than the fee award contained in the settlement agreement.  As a result, the Court does not disturb the calculation of attorneys' fees.").

As to costs, Plaintiff's counsel seeks $600, incurred for filing fees and service.  Dkt. No. 37 at 5.  The Court finds these costs reasonable, *see Collado v. Donnycarney Rest. L.L.C.*, No. 14-cv-3899 (GBD), 2015 WL 4737917, at *14 (S.D.N.Y. Aug. 10, 2015) (collecting cases), and therefore grants this request.

### III.  CONCLUSION

For the reasons stated above, the Court approves the settlement agreement in full.  The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Dated: August 14, 2020
      New York, New York

_____
ALISON J. NATHAN
United States District Judge