USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/1/21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Maurilio Tendilla,

                    Plaintiff,

      –v–

1465 Espresso Bar LLC, et al.,

                   Defendants.

18-cv-5991 (AJN)

MEMORANDUM
OPINION & ORDER

ALISON J. NATHAN, District Judge:

In 2018, Plaintiff Maurilio Tendilla filed a complaint, which he subsequently amended, alleging violations of the Fair Labor Standards Act (FLSA) and the New York Labor Law (NYLL). *See* Dkt. Nos. 1, 32. In August 2019, the parties submitted a proposed settlement agreement for the Court's approval pursuant to *Cheeks v. Freeport Pancake House*, 796 F.3d 199 (2d Cir. 2015). Dkt. No. 37. The Court approved that settlement agreement on August 14, 2020. Dkt. No. 42. On September 30, 2020, Plaintiff filed a motion to enforce that settlement. For the reasons that follow, Plaintiff's motion to enforce the settlement is GRANTED.

**I.    Background**

Plaintiff brought this case for unpaid wages in 2018, alleging that under federal and state law he was entitled to recover unpaid overtime compensation, liquidated damages, interest, and attorneys' fees and costs. On July 2, 2019, the Court was informed that the parties had attended mediation and that they had reached agreement on all issues. Dkt. No. 33. Shortly thereafter, the parties submitted their proposed settlement agreement for the Court's approval. Dkt. No. 37. The settlement agreement provided that Defendants were to pay Plaintiff $32,500, with an initial installment of $5,000 and eleven consecutive monthly installments of $2,500. The agreement

also contained an acceleration clause which provided that the entire amount would become due if the Defendants defaulted on their obligation, following a 10-day cure period. The Court approved the settlement agreement, finding it fair and reasonable. Dkt. No. 42. The Court then entered the Stipulation and Order of Dismissal, which expressly provided that the Court retained jurisdiction over this matter for purposes of enforcement. Dkt. No. 43.

According to Plaintiff, shortly after the agreement went into effect, Defendants failed to make the initial installment payment. After attempts to resolve the issue proved unsuccessful, Plaintiff brought this motion. Dkt. No. 44. The Court ordered Defendants to respond by October 15, 2020. Dkt. No. 47. Defendants failed to do so. The Court then *sua sponte* extended Defendants' time to respond until November 6, 2020, warning Defendants that failing to do so would result in Plaintiff's motion being deemed unopposed. Dkt. No. 49. As of the date of this Order, Defendants have never responded.

## II.     Legal Standard

Settlement agreements are contracts that, once entered into, are binding and conclusive. *Powell v. Omnicom*, 497 F.3d 124, 128 (2d Cir. 2007). A district court has the power to enforce a settlement agreement in a case that was pending before it. *CM Dev., LLC v. Oprandy*, 490 F. App'x 409, at *1 (2d Cir. 2013) (summary order) (citing *Meetings & Expositions, Inc. v. Tandy Corp.*, 490 F.2d 714, 717 (2d Cir. 1974)). *See also Banegas v. Mirador Corp.*, No. 14-CV-8491 (AJN), 2021 WL 1022614, at *2 (S.D.N.Y. Mar. 17, 2021). But "[a]ctions to enforce settlement agreements are, in essence, contract actions which are governed by state law and which do not themselves raise a federal question unless the court which approved the settlement retained jurisdiction." *Thurston v. Flyfit Holdings, LLC*, No. 18-CV-9044 (PAE) (SN), 2020 WL 2904065, at *2 (S.D.N.Y. June 3, 2020) (citation omitted)). As a result, where a party seeks to

enforce a settlement agreement, the basis for subject matter jurisdiction "may be found in the doctrine of ancillary jurisdiction, which allows a district court to decide matters that are 'factually interdependent' with another matter before the court, or to take actions necessary 'to manage its proceedings, vindicate its authority, and effectuate its decrees.'" *Hendrickson v. United States*, 791 F.3d 354, 358 (2d Cir. 2015) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 379–80 (1994)).

Retention of ancillary jurisdiction does not happen automatically. Instead, to retain ancillary jurisdiction to enforce a settlement agreement, "a district court's order of dismissal must either (1) expressly retain jurisdiction over the settlement agreement, or (2) incorporate the terms of the settlement agreement in the order." *Id.* (citing *Kokkonen*, 511 U.S. at 381). "In such cases the district court 'necessarily makes compliance with the terms of the settlement agreement a part of its order so that a breach of the agreement would be a violation of the order.'" *Thurston*, 2020 WL 2904065, at *2 (quoting *StreetEasy, Inc. v. Chertok*, 752 F.3d 298, 305 (2d Cir. 2014) (alterations in original)).

When a district court has done so, it may "enforce the settlement as an exercise of its ancillary jurisdiction." *StreetEasy, Inc.*, 752 F.3d at 305. In doing so, the Court applies general principles of contract law. *Omega Eng'g Inc. v. Omega, S.A.*, 432 F.3d 437, 443 (2d Cir. 2005). A court may enforce the settlement agreement by entry of judgment. *Romero v. New Blue Flowers Gourmet Corp.*, No. 16-CV-8753 (DF), 2021 WL 860986, at *3 (S.D.N.Y. Mar. 8, 2021) (citation omitted).

### III. Discussion

The Court has jurisdiction to enforce the settlement agreement. On August 14, 2019, the Court entered the stipulation and order of dismissal, which expressly provided that this Court

would "retain jurisdiction over all proceedings solely to enforce the terms of the settlement between the parties in this action." Dkt. No. 43 at 1.  In doing so, the Court retained ancillary jurisdiction to hear precisely this kind of motion.  *Hendrickson*, 791 F.3d at 358 (quoting *Kokkonen*, 511 U.S. at 381).  Having satisfied itself that it has jurisdiction to enforce the settlement agreement, the Court proceeds to the merits.

As expressly set forth in the settlement agreement, Plaintiff's claim for breach of contract over the settlement agreement is governed by New York Law.  *See* Settlement Agreement, Dkt. No. 45-1, at 7.  The elements of a breach of contract claim under New York law are (1) the existence of a contract, (2) performance by the party seeking recovery, (3) breach by the other party, and (4) damages suffered as a result of the breach.  *See Johnson v. Nextel Commc'ns, Inc.*, 660 F.3d 131, 142 (2d Cir. 2011).  Those elements are met here.

As already noted, the fully executed settlement agreement constitutes a contract.  *See* Settlement Agreement, Dkt. No. 45-1, at 8; *see also Powell v. Omnicom*, 497 F.3d 124, 128 (2d Cir. 2007).  Under the terms of the agreement, Defendants were to pay the total settlement amount of $32,500, to be paid in installments.  In the event that Defendants failed to make the settlement payment pursuant to that schedule, the entire amount would become due after a 10-day cure period and the Defendants would owe an additional $3,250 in liquidated damages. Settlement Agreement, Dkt. No. 45-1, at 3-4.

In exchange for that payment, Plaintiff agreed to dismiss his claims with prejudice and discharged Defendants from any obligations owed for any potential wage and hour claims with respect to conduct that arose on or before the date that the settlement agreement was executed. *Id.* at 4-5.  By stipulating to the dismissal with prejudice of his claims, Plaintiff satisfied his end of the bargain.

Turning to the third element of a breach of contract claim, the record shows that Defendants did not remit payment, as they were obligated to. Specifically, the record shows that Defendants failed to make their initial installment payment, which was due on August 24, 2020. It also shows that on August 27, Plaintiff's counsel advised defense counsel of the default and indicated that if the default was not cured within ten days, Plaintiff would seek to have judgment entered against the Defendants. Dkt. No. 45, Cilenti Decl., ¶ 9; *see also* Dkt. No. 45-2 (notice of default). Thus, Plaintiff has established the third element—Defendant's breach.

Finally, Plaintiff's damages consist of the amount he is owed under the agreement. This includes the principal sum of $32,500 and $3,250 in liquidated damages, as provided for by the penalty provision of the settlement agreement. Dkt. No. 45-1 at 3-4. Both amounts are unambiguously established in the settlement agreement. *See* Dkt. No. 45-1 at 2-3. Plaintiff has alleged, and Defendants have not disputed, that Plaintiff never received the first payment and that Defendants never cured the default. Thus, Plaintiff has established entitlement to both amounts.

In addition, Plaintiff seeks $1,420 in attorneys' fees and costs, as provided for in the settlement agreement. Under New York law, a contractual provision requiring a breaching party to pay the other party's attorney's fees and costs in an action on the contract is enforceable if it is "'unmistakably clear.'" *Mid–Hudson Catskill Rural Migrant Ministry, Inc. v. Fine Host Corp.,* 418 F.3d 168, 177–78 (2d Cir. 2005) (quoting *Oscar Gruss & Son, Inc. v. Hollander,* 337 F.3d 186, 199 (2d Cir. 2003). Here, the settlement agreement expressly provides that "[i]n the event either party brings an action to enforce the terms of this Agreement, the prevailing party shall recover the costs and reasonable attorneys' fees from the other party." Settlement Agreement, Dkt. No. 45-1, at 7.

To determine whether a fee is reasonable, courts calculate "the lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case—which creates a presumptively reasonable fee." *Stancyzk v. City of New York,* 752 F.3d 273, 284 (2d Cir. 2014) (internal citation, alterations, and quotation marks omitted). A party seeking attorneys' fees bears the burden of supporting its claim of hours expended by accurate, detailed and contemporaneous time records. *New York State Ass'n for Retarded Children, Inc. v. Carey,* 711 F.2d 1136, 1147–48 (2d Cir. 1983). "If such records are inadequate the Court may reduce the award accordingly." *Vernon v. Port Authority of New York and New Jersey,* 220 F.Supp.2d 223, 229 (S.D.N.Y.2002). The Court evaluates the reasonableness of a requested hourly rate by considering the prevailing market rate in this District. *Anthony v. Franklin First Fin. Ltd.*, 844 F. Supp. 2d 504, 507 (S.D.N.Y. 2012).

Here, attorney Justin Cilenti submitted contemporaneous billing records showing that he and Marcela Cardoso, his legal assistant and paralegal, recorded a total of 3.7 hours seeking enforcement of the settlement agreement. Dkt. No. 45-3. Cilenti requests an hourly rate of $400. *Id.* "Courts in this District have determined in recent cases that a fee ranging from $250 to $450 is appropriate for experienced litigators in wage-and-hour cases." *Yuquilema v. Manhattan's Hero Corp.*, No. 13-CV-461 (WHP) (JLC) (S.D.N.Y. Aug. 20, 2014), 2014 WL 4207106, at *14 (S.D.N.Y. Aug. 20, 2014), *report and recommendation adopted*, No. 13-CV-461, 2014 WL 5039428 (S.D.N.Y. Sept. 30, 2014). Indeed, in a different wage-and-hour case this Court concluded that Mr. Cilenti's requested hourly rate of $400 per hour was reasonable. *Mahuiztl-Atilano v. Pio Rest., LLC*, No. 18-CV-3689 (AJN), 2020 WL 6820749, at *5 (S.D.N.Y. Nov. 20, 2020). The Court again concludes that the rate is reasonable. Similarly, as in *Mahuiztl-Atilano*, the Court concludes that the requested rate of $100 per hour for Mr. Cilenti's paralegal

is reasonable. *Id.* Furthermore, the contemporaneous billing records submitted along with Plaintiff's motion are clear and are reasonable; they do not reflect any duplicative or unnecessary billing. Dkt No. 45-3. The Court thus concludes that Plaintiff counsel's proposed fees, which amount to a total of $1,420, are reasonable.

All told, Defendants' breach entitles Plaintiff to $37,170 in damages.

### IV.    Conclusion

For the foregoing reasons, Plaintiff's motion to enforce the settlement and enter judgment against Defendants is granted. The Clerk of Court is respectfully directed to enter judgment in the amount of $37,170, which equals $32,500 in the unpaid principal, $3,250 in liquidated damages, and $1,420 in attorney's fees. The Clerk of Court is further directed to terminate Dkt. No. 44.

SO ORDERED.

Dated: June 1, 2021
      New York, New York

_____
ALISON J. NATHAN
United States District Judge